IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| GRINNELL MUTUAL REINSURANCE COMPANY, ) ) ) Plaintiff, ) ) v. ) ) JANET SALDEEN, JANIE VOYLES, ) JEFFREY LENHART, and ) DCC PROPANE, LLC d/b/a HICKSGAS, ) ) Defendants. ) | Case No.: 2:21-cv-2148-CSB-EIL |

**PLAINTIFF GRINNELL MUTUAL REINSURANCE COMPANY'S
MOTION FOR SUMMARY JUDGMENT**

NOW COMES the Plaintiff, GRINNELL MUTUAL REINSURANCE COMPANY ("Grinnell"), by its attorney, John P. Heil, Jr. of HEYL, ROYSTER, VOELKER & ALLEN, P.C., and for its Motion for Summary Judgment pursuant to Federal Rule of Civil Procedure 56 and Local Rule 7.1(D) states as follows:

### I. INTRODUCTION

The instant declaratory judgment action seeks a judicial finding that an insurance policy issued by Grinnell to Gibson City Area Telecare Service, Inc. ("GCATS") does not provide coverage for an automobile accident alleged to have occurred on September 4, 2020 in Iroquois County, Illinois. GCATS is the named insured on the Policy and Janet Saldeen, as a GCATS employee, is an additional insured.

GCATS, Saldeen, Jeffrey Lenhart and DCC Propane, LLC d/b/a Hicksgas ("Hicksgas") are defendants in a personal injury lawsuit brought by Janie Voyles relating to the auto accident in Iroquois County, Illinois (*Janie Voyles v. DCC Propane, LLC, a/k/a Hicksgas, Jeffrey Lenhart,*

*Gibson City Area Telecare Service, Inc., and Janet Saldeen*, number 2021 L 3, the "Underlying Lawsuit"). The Underlying Lawsuit alleges negligence by the Defendants and seeks monetary damages in excess of $50,000.

Grinnell filed the instant declaratory judgment action on June 23, 2021. Doc. 1. Voyles filed her Answer to the Complaint on July 16, 2021. Doc. 4. GCATS disclaimed any interest in the Policy at issue through a waiver of defense and indemnity. With leave of Court, Grinnell filed an Amended Complaint to eliminate CGATS as a defendant to this action. Doc. 28.

Saldeen, Lenhart and Hicksgas did not answer or otherwise respond to the Complaint for Declaratory Judgment. Rule 55(a) defaults were entered against them on January 21, 2022. *See* Text Order and Entries of Default. The Court entered default judgment in favor of Grinnell and against Saldeen, Lenhart and Hicksgas on March 23, 2022. Docs. 35, 36. Voyles is thus the sole remaining defendant to this action.

Summary judgment in favor of Grinnell is appropriate because there can be no insurance coverage for the incident alleged in the Underlying Lawsuit. The Court already reached this conclusion in its Order of default judgment against the other Defendants. Doc. 35 pp. 5-6 (finding that Saldeen was operating a motor vehicle at the time of the accident and that the Policy's automobile exclusion barred bodily injury coverage).

## II. EXHIBITS

Attached and incorporated by reference are true and accurate copies of the following exhibits:

| | |
|---|---|
| Exhibit 1 | Certified copy of Grinnell Mutual Reinsurance Company Commercial Lines Policy, number 0028012057 |
| Exhibit 2 | Complaint filed in *Janie Voyles v. DCC Propane, LLC, a/k/a Hicksgas, Jeffrey Lenhart, Gibson City Area Telecare Service, Inc., and Janet Saldeen*, case number 2021 L 3 (Iroquois County, IL) |

| | |
|---|---|
| Exhibit 3 | Defendant Janie Voyles' Answer to the Complaint for Declaratory Judgment (Doc. 4) |
| Exhibit 4 | Requests for Admission served on Voyles on March 16, 2022 |
| Exhibit 5 | Declaration of John P. Heil, Jr. |
| Exhibit 6 | Declaration of Christopher R. Wertzberger |

### III. UNDISPUTED MATERIAL FACTS

**A.   Jurisdiction and Venue**

1. No defendant is a citizen of Grinnell's state of citizenship, Iowa, so diversity of citizenship exists pursuant to 28 U.S.C. § 1332(a). Ex. 3, Voyles' Answer, ¶¶ 3-8, 10; Ex. 7, Wertzberger Decl., ¶ 2.

2. The Complaint in the Underlying Lawsuit alleges damages in excess of the Illinois statutory minimum of $50,000, plus costs and other relief. Ex. 2, Cts. I-V.

3. The Complaint in the Underlying Lawsuit further alleges that Voyles she "suffered serious and permanent personal injuries to her person" and "continues to sustain pain and suffering, incurred medical expenses and will incur future medical expenses." Ex. 2, Ct. I ¶ 15, Ct. II ¶ 14, Ct. III ¶ 15. Ct. IV ¶ 17, Ct. V ¶ 14.

4. The amount in controversy exceeds $75,000, exclusive of interest and costs. Although this action does not seek monetary damages, the effect of granting the declaratory relief sought would be to avoid coverage for a loss exceeding $75,000 in value. Ex. 3, Voyles' Answer, ¶ 11.

5. Venue is proper because the Defendants reside in this District and because the insurance claim at issue arose from an automobile accident in Iroquois County, Illinois. 28 U.S.C. § 1391(b)(1) and (b)(2). Iroquois County is located in the Urbana Division of this Court. CDIL-L.R. 40.1(D); Ex. 3, Voyles' Answer, ¶ 12.

B.    **Allegations and Admissions in the Underlying Lawsuit**

6.    Voyles initiated the Underlying Lawsuit, *Janie Voyles v. DCC Propane, LLC, a/k/a Hicksgas, Jeffrey Lenhart, Gibson City Area Telecare Service, Inc., and Janet Saldeen*, case number 2021 L 3, in the Circuit Court for the Twenty-First Judicial Circuit of Illinois, Iroquois County, on February 24, 2021. Ex. 2, Compl. in Underlying Lawsuit; Ex. 3, Voyles' Answer, ¶ 14.[1]

7.    The Underlying Lawsuit alleges that on September 4, 2020 Saldeen, as an agent and/or employee of GCATS, was driving a vehicle eastbound on County Road 400 North at the intersection of County Road 1300 East in Cissna Park, Iroquois County, Illinois. Ex. 2, Compl. in Underlying Lawsuit ¶ 4.

8.    Saldeen was the driver of a motor vehicle at the time of the accident. Ex. 3, Voyles' Answer, ¶ 4.

9.    The Underlying Lawsuit alleges that Lenhart, as an agent of Hicksgas, was the driver of a Hicksgas truck and trailer northbound on County Road 1300 East at the intersection of County Road 400 North in Cissna Park. Ex. 2, Compl. in Underlying Lawsuit, ¶¶ 1-2.

10.    The Underlying Lawsuit alleges that Lenhart's vehicle struck the vehicle driven by Saldeen at the intersection of County Roads 1300 East and 400 North. Ex. 2, Compl. in Underlying Lawsuit, ¶ 9.

11.    The intersection of County Roads 1300 East and 400 North is a public roadway. Ex. 3, Voyles' Answer, ¶ 7.

12.    The Underlying Lawsuit alleges that negligent acts or omission by Lenhart, Hicksgas (through agency), GCATS (through agency and as a "common carrier") and/or Saldeen

---

[1] Grinnell makes no admissions as to the veracity of the allegations in the Underlying Lawsuit.

caused the accident. Ex. 2, Compl. in Underlying Lawsuit, Ct. I ¶ 14, Ct. II ¶ 13, Ct. III ¶ 14, Ct. IV ¶ 16, Ct. V ¶ 13.

13. The Underlying Lawsuit alleges that Voyles suffered injuries, pain, suffering, and medical expenses as a result of the accident. Ex. 2, Compl. in Underlying Lawsuit, Ct. I ¶ 15, Ct. II ¶ 14, Ct. III ¶ 15. Ct. IV ¶ 17, Ct. V ¶ 14.

14. Grinnell served Voyles with Requests for Admission on March 16, 2022. Doc. 34; Ex. 5, Heil Decl., ¶¶ 3-4; Doc. 34.

15. Voyles has not provided responses to the Requests for Admission. Ex. 5, Heil Decl., ¶ 5.

16. More than 30 days have elapsed since Voyles was served with the Requests. Ex. 5, Heil Decl., ¶ 6; Doc. 34.

17. Voyles has not requested an extension of the 30-day deadline for responses to the Requests. Ex. 5, Heil Decl., ¶ 7.

18. No stipulation for a longer time for responding was suggested or agreed to between the parties. Ex. 5, Heil Decl., ¶ 7.

19. The Court has not extended the 30-day deadline for Voyles' responses to the Requests for Admission. Ex. 5, Heil Decl., ¶ 8.

20. In the absence of a response to the Requests for Admission, Voyles admits that Saldeen was the driver of the vehicle in which Voyles was a passenger at the time of the motor vehicle accident referenced in the Underlying Lawsuit. Ex. 4, Reqs. for Admis., no. 1.

21. In the absence of a response to the Requests for Admission, Voyles admits that she was a back seat passenger in the vehicle in which she was riding at the time of the motor vehicle accident referenced in the Underlying Lawsuit. Ex. 4, Reqs. for Admis., no. 2.

22.    In the absence of a response to the Requests for Admission, Voyles admits that the vehicle in which she was a passenger at the time of the motor vehicle accident referenced in the Underlying Lawsuit was a Ford Explorer. Ex. 4, Reqs. for Admis., no. 3.

23.    In the absence of a response to the Requests for Admission, Voyles admits that the vehicle in which she was a passenger at the time of the motor vehicle accident referenced in the Underlying Lawsuit was a land motor vehicle designed for travel on public roads. Ex. 4, Reqs. for Admis., no. 4.

24.    In the absence of a response to the Requests for Admission, Voyles admits that the motor vehicle accident referenced in the Underlying Lawsuit took place in the vicinity of the intersection of County Road 400 North and County Road 1300 East in Iroquois County, Illinois. Ex. 4, Reqs. for Admis., no. 5.

25.    In the absence of a response to the Requests for Admission, Voyles admits that Exhibit 2 is a genuine copy of the Complaint filed on her behalf in the Underlying Lawsuit on or about February 24, 2021. Ex. 4, Reqs. for Admis., no. 6.

**C.    Material Provisions of the Commercial Lines Insurance Policy**

26.    Grinnell issued a Commercial Lines Policy, number 0028012057, to GCATS with a coverage term of May 15, 2020 to May 15, 2021. Ex. 1; Ex. 7, Wertzberger Decl., ¶ 4.

27.    GCATS was the named insured under the Policy. Ex. 1, Policy Declarations, p. 01.

28.    The Policy was in effect on September 4, 2020. Ex. 1, Policy Declarations, p. 01.

29.    The Policy contains a Commercial General Liability ("CGL") Coverage Form, number CG 00 01 04 13, which contains the following definitions:

> **2.** "Auto" means:
>
> **a.**  A land motor vehicle, trailer or semitrailer designed for travel on public roads, including any attached machinery or equipment;

. . .

    **3.**    "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.

. . .

    **5.**    "Employee" includes a "leased worker". "Employee" does not include a "temporary worker."

. . .

    **13.**    "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

Ex. 1, Policy Form CG 00 01 04 13, pp. 13-15.

    30.    Section I of the CGL Coverage Form outlines coverages and certain exclusions from coverage applicable to the policy. In pertinent part, it provides:

> **COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY**
>
> **1. Insuring Agreement**
>
>     **a.**    We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" . . . to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" . . . to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. . . . .
>
>     . . .
>
>     **b.**    This insurance applies to "bodily injury" . . . only if:
>
>         **(1)** The "bodily injury" . . . is caused by an "occurrence" that takes place in the "coverage territory";
>
>         **(2)** The "bodily injury" . . . occurs during the policy period;
>
>     . . .
>
> **2. Exclusions**
>
> This insurance does not apply to:
>
>     . . .
>
>     **g. Aircraft, Auto Or Watercraft**
>
>     "Bodily injury" . . . arising out of the ownership, maintenance, use or entrustment to others of any . . . "auto" . . . owned or operated by

7

or rented or loaned to any insured. Use includes operation and "loading or unloading".

This exclusion applies even if the claims against any insured allege negligence or other wrongdoing in the supervision, hiring, employment, training or monitoring of others by that insured, if the "occurrence" which caused the "bodily injury" . . . involved the ownership, maintenance, use or entrustment to others of any . . . "auto" . . . that is owned or operated by or rented or loaned to any insured.

. . .

**COVERAGE C – MEDICAL PAYMENTS**

1. **Insuring Agreement**

   a. We will pay medical expenses as described below for "bodily injury" caused by an accident;

   . . .

   **(3)** Because of your operations;

   provided that:

   **(a)** The accident takes place in the "coverage territory" and during the policy period;

   **(b)** The expenses are incurred and reported to us within one year of the date of the accident; and

   **(c)** This injured person submits to examination, at our expense, by physicians of our choice as often as we reasonably require.

   b. We will make these payments regardless of fault. . . .

   . . .

2. **Exclusions**

   We will not pay expenses for "bodily injury":

   . . .

   g. **Coverage A Exclusions**

   Excluded under Coverage **A**.

Ex. 1, Policy Form CG 00 01 04 13, pp. 1-4, 8.

    31.    Section II of the CGL Coverage Form defines who is an insured under the policy. Among the insureds are "employees" of the named insured, "but only for acts within the scope of

8

their employment . . . or while performing duties related to the conduct of [the Named Insureds'] business." Ex. 1, Policy Form CG 00 01 04 13, p. 10.

32. Saldeen, as a GCATS employee, was an additional insured under the Policy.

### IV. ARGUMENT

#### A. The Summary Judgment Standard and Applicability of Illinois Law

Summary judgment is proper when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Keck Garrett & Assoc., Inc. v. Nextel Commc'ns, Inc.*, 517 F.3d 476, 483 (7th Cir. 2008) (quoting Fed. R. Civ. P. 56(c)). Neither "the mere existence of some alleged factual dispute between the parties," *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986), nor "some metaphysical doubt as to the material facts," *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986), is sufficient to defeat a motion for summary judgment. The interpretation of an insurance contract is a legal issue that may be decided at summary judgment. *Twenhafel v. State Auto Prop. & Cas. Ins. Co.*, 581 F.3d 625, 628 (7th Cir. 2009); *Crum & Forster Managers Corp. v. Resolution Trust Corp.*, 156 Ill. 2d 384, 391 (1993).

Illinois law governs the resolution of this dispute. Federal courts apply the choice-of-law rules of the states in which they reside. *Townsend v. Sears, Roebuck & Co.*, 227 Ill. 2d 147, 155 (2007). Under Illinois choice-of-law rules for insurance contracts, courts use the "most significant contacts" test, which considers "the location of the subject matter, the place of delivery of the contract, the domicile of the insured or of the insurer, the place of the last act to give rise to a valid contract, the place of performance, or other place bearing a rational relationship to the general contract." *United Farm Family Mut. Ins. Co. v. Frye*, 381 Ill. App. 3d 960, 965 (4th Dist. 2008)

(collecting cases). Here, these factors weigh heavily in favor of Illinois law. Undisputed Material Facts, "UMF," ¶¶ 1, 5.

Under Illinois law, courts compare the allegations in the underlying complaint with the express language of the insurance policy to determine whether an insurer's duty to defend is triggered. *Pekin Ins. Co. v. Wilson*, 237 Ill. 2d 446, 455 (2010). If the words of an insurance contract are clear and unambiguous, a court must give the words their plain, ordinary and popular meaning. *Medmarc Cas. Ins. Co. v. Avent America, Inc.*, 653 F. Supp. 2d 879, 881 (N.D. Ill. 2009) (citing *Travelers Ins. Co. v. Eljer Mfg., Inc.,* 197 Ill. 2d 278, 293-94 (2001)). "If the underlying complaint alleges facts within or potentially within policy coverage, an insurer is obligated to defend its insured even if the allegations are groundless, false or fraudulent." *Northfield Ins. Co. v. City of Waukegan*, 701 F.3d 1124, 1129 (7th Cir. 2012) (quoting *Gen. Agents Ins. Co. of Am. v. Midwest Sporting Goods Co.*, 215 Ill. 2d 146, 155 (2005)). But an insurer may justifiably refuse to defend the insured if it is clear from the face of the underlying complaint that it fails to state facts which bring the case within, or potentially within, the policy's coverage. *U.S. Fid. & Guar. Co. v. Wilkin Insulation Co.*, 144 Ill. 2d 64, 73 (1991).

**B.**     **The Court Possesses Subject Matter Jurisdiction Over this Action**

This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a)(1). Complete diversity of citizenship exists between Grinnell and all of the Defendants. UMF ¶ 1. The Underlying Lawsuit alleges damages in excess of the Illinois statutory minimum of $50,000, but also alleges that Voyles "suffered serious and permanent personal injuries to her person" and "continues to sustain pain and suffering, incurred medical expenses and will incur future medical expenses." UMF ¶¶ 2-3. Furthermore, it is well-settled that the cost of providing a defense to an insured counts toward the amount in controversy in a declaratory judgment action

addressing insurance coverage. *Macken v. Jensen*, 333 F.3d 797, 799-800 (7th Cir. 2003). The amount in controversy, exclusive of interest and costs, easily exceeds the $75,000 jurisdictional threshold. UMF ¶ 4.

Venue is proper in this District because the Defendants reside in the Central District of Illinois and because the insurance claim at issue arose from an automobile accident in Iroquois County. UMF ¶ 5.

### C.     Grinnell's Requests for Admissions Are Deemed Admitted

As an initial matter, it is noteworthy that Voyles appears to have lost interest in this action. She did not respond to Grinnell's Motion for Default Judgment as to Defendants Saldeen, Lenhart, and Hicksgas (Doc. 35, Order of Default J., p. 7). She has since failed to respond to Requests for Admission issued on March 16, 2022, and thus admits several important facts. UMF ¶¶ 14-24

Pursuant to Rule 36, a party may serve written requests to admit "the truth of any matters within the scope of Rule 26(b)(1) relating to: (A) facts, the application of law to fact, or opinions about either; . . . ." Fed. R. Civ. P. 36(a)(1). Rule 36(a)(3) provides, as follows:

> **(3)   *Time to Respond; Effect of Not Responding.*** A matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney. A shorter or longer time for responding may be stipulated to under Rule 29 or ordered by the court.

Fed. R. Civ. P. 36(a)(3); *see also Nelson v. Wal-Mart, Inc.*, 63 Fed. Appx. 920, 922 (7th Cir. 2003); *Laborers' Pension Fund v. Blackmore Sewer Constr., Inc.*, 298 F.3d 600, 605 (7th Cir.2002). Rule 36(a) is self-executing; thus, no court intervention is necessary for an admission to be established. *Hardwick v. John & Mary E. Kirby Hosp.*, 10-CV-2149, 2011 WL 4433764, at *2 (C.D. Ill. Sept. 22, 2011).

Rule 36(b) provides that a matter admitted under this rule is "conclusively established" unless the court grants a motion to allow it to be withdrawn or amended. *United Fire & Cas. Co. v. Prate Roofing & Installations*, LLC, 7 F.4th 573, 584 (7th Cir. 2021); *see also Airco Industrial Gases, Inc. v. Teamsters*, 850 F.2d 1028, 1037 (3d Cir. 1988) (holding that admission pursuant to Rule 36 "is not merely another layer of evidence, upon which the district court can superimpose its own assessment of weight and validity. It is, to the contrary, an unassailable statement of fact that narrows the triable issues in the case.").

Grinnell served Voyles with Requests for Admission on March 16, 2022—more than 30 days ago. UMF ¶¶ 14, 16. As of this filing, Voyles has neither provided responses to the Requests for Admission nor requested an extension of the 30-day deadline. UMF ¶¶ 15, 17. No stipulation relating to the deadline was suggested or agreed upon by the parties, and the Court has taken no action to extend the deadline. UMF ¶¶ 18-19.

As a consequence, Voyles has admitted that:

1. Saldeen was the driver of the vehicle in which Voyles was a passenger at the time of the motor vehicle accident referenced in the Underlying Lawsuit.

2. Voyles was a back seat passenger in the vehicle in which she was riding at the time of the motor vehicle accident referenced in the Underlying Lawsuit.

3. The vehicle in which Voyles was a passenger at the time of the motor vehicle accident referenced in the Underlying Lawsuit was a Ford Explorer.

4. The vehicle in which Voyles was a passenger at the time of the motor vehicle accident referenced in the Underlying Lawsuit was a land motor vehicle designed for travel on public roads.

5. The motor vehicle accident referenced in the Underlying Lawsuit took place in the vicinity of the intersection of County Road 400 North and County Road 1300 East in Iroquois County, Illinois.

UMF ¶¶ 20-24. Voyles also admits to the authenticity of a copy of the Complaint filed in the Underlying Lawsuit on or about February 23, 2021. UMF ¶ 25.

D.     **The Policy Does Not Provide Coverage for the Incident Alleged**

The Commercial Lines Policy does not provide coverage for the incident described in the Underlying Lawsuit. No question of material fact calls this into question. Grinnell thus has no duty to defend its insureds against the Underlying Lawsuit or indemnify them for a settlement or adverse judgment.

The Policy's CGL Coverage Form generally provides liability coverage (Coverage A) and medical payments for bodily injury (Coverage C); however, the Policy's "Aircraft, Auto Or Watercraft" exclusion applies to both Coverages A and C. UMF ¶ 30. The exclusion bars coverage for any "bodily injury" "arising out of the . . . use . . . of any 'auto' . . . operated by any insured." *Id.* The CGL Coverage Form defines "bodily injury" as "bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time." UMF ¶ 29. It defines an "auto" as "[a] land motor vehicle . . . designed for travel on public roads . . . ." *Id.*

Saldeen was employed by GCATS, the insured under the Policy. UMF ¶ 32. By virtue of the Underlying Lawsuit's allegation that Saldeen was acting as an agent and/or employee of GCATS at the time of the motor vehicle accident, she was an additional insured under the Policy. UMF ¶¶ 7. 32.

It is undisputed that Saldeen was operating a motor vehicle at the time of the accident, and that Voyles was her passenger. UMF ¶¶ 8, 20-21. More particularly, Voyles admits that Saldeen was driving a Ford Explorer, a land motor vehicle designed for travel on public roads, when the accident occurred. UMF ¶¶ 22-23. It is also undisputed that the intersection of County Roads 1300 East and 400 North, where the accident took place, is a public roadway. UMF ¶¶ 10-11, 24.

In these circumstances, absolutely no question of material fact calls into question the applicability of the "Aircraft, Auto Or Watercraft" exclusion. Its language is clear and

unambiguous. This Court has already reached this same conclusion. In its March 23, 2022 Order granting Grinnell's Motion for Default Judgment against Defendants Saldeen, Lenhart, and Hicksgas, the Court stated:

> The commercial lines policy is not an automobile policy.
>
> . . .
>
> It is undisputed that Saldeen was operating a motor vehicle at the time of the accident, and the automobile exclusion in the Policy operates to bar coverage for bodily injury "arising out of the ownership, maintenance, use or entrustment to others of any . . . 'auto' . . . owned or operated by or rented or loaned to any insured." The Policy defined an auto as a land motor vehicle designed for travel on public roads, and the intersection where the collision happened was a public road. Default judgment should be entered against Defendants.

Doc. 35, Order of Default J., pp. 5-6. Given the obvious applicability of the "Aircraft, Auto Or Watercraft" exclusion to the Underlying Lawsuit, summary judgment in favor of Grinnell is appropriate. Voyles' claims are simply incompatible with the purpose and scope of the Grinnell Commercial Lines Policy at issue.

WHEREFORE, Plaintiff GRINNELL MUTUAL REINSURANCE COMPANY prays the Court enter summary judgment in its favor and against Defendant JANIE VOYLES and that it further:

A) Reaffirm its March 23, 2022 declaration that Grinnell has no duty to defend or indemnify Janet Saldeen pursuant to the above-described policy of insurance, number 0028012057, with respect to the claims brought against her in *Voyles v. DCC Propane, LLC, a/k/a Hicksgas, et al.*, case number 2021 L 3, in the Circuit Court for the Twenty-First Judicial Circuit, Iroquois County, Illinois;

B) Declare that JANIE VOYLES is bound by the declaratory judgment entered against Saldeen; and

  C)  Grant such other and further relief it deems appropriate.

                GRINNEL MUTUAL REINSURANCE COMPANY


              By:   s/ John P. Heil, Jr.
                John P. Heil, Jr. #6237286

HEYL, ROYSTER, VOELKER & ALLEN, P.C.
300 Hamilton Boulevard
P.O. Box 6199
Peoria, IL 61601-6199
Phone: (309) 676-0400
Fax: (309) 676-3374
PRIMARY E-MAIL: peoctdocket@heylroyster.com
SECONDARY #1: jheil@heylroyster.com
SECONDARY #2: kccann@heylroyster.com

## **CERTIFICATE OF SERVICE**

      I hereby certify that on May 3, 2022 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system. CM/ECF will send notification to all attorneys of record.

Allison Kimble
Spiros Law, P.C.
2807 N. Vermilion, Suite 3
Danville, IL 61832
akimble@spiroslaw.com

                                            s/ John P. Heil, Jr.

41069392_1